USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/5/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MITSUI SUMITOMO INSURANCE
COMPANY, LTD.,

                      Plaintiff,

           -against-

YANG MING MARINE TRANSPORT CORP.,
and EXPEDITORS INTERNATIONAL OF
WASHINGTON, INC.,

                      Defendant.
------------------------------------------------------------X

20-CV-8474 (VSB)

**ORDER**

VERNON S. BRODERICK, United States District Judge:

On October 12, 2020, Plaintiff filed this action against Defendants Yang Ming Marine Transport Corp. ("Yang Ming") and Expeditors International of Washington, Inc. ("Expeditors International," and together with Yang Ming, "Defendants"). (Doc. 1.) Plaintiff obtained a summons for both Defendants on October 13, 2020. (Docs. 6–7.) While Expeditors International has filed an answer to the complaint, (Doc. 10), Yang Ming has not. Plaintiff to date has not filed an affidavit of service for either Defendant or taken any other action to prosecute this case. Accordingly, it is hereby:

ORDERED that, no later than February 15, 2021, Plaintiff shall file an affidavit of service demonstrating that it timely served Yang Ming, or if service has not been effectuated, submit a letter of no more than three (3) pages, supported by legal authority, demonstrating good cause as to why this case should not be dismissed against Yang Ming pursuant to Federal Rule of Civil Procedure 4(m). "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *E. Refractories Co. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505 (S.D.N.Y.

1999) (internal quotation marks omitted).  "District courts consider the diligence of plaintiff's efforts to effect proper service and any prejudice suffered by the defendant as a consequence of the delay."  *Id.* (internal quotation marks omitted).  "An attorney's inadvertence, neglect, mistake or misplaced reliance does not constitute good cause."  *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F.Supp. 654, 658 (S.D.N.Y.1997) (citing *McGregor v. United States*, 933 F.2d 156, 160 (2d Cir.1991), *aff'd*, 173 F.3d 844 (2d Cir.1999)).  Plaintiff is warned that failure to submit a letter and to demonstrate good cause for failure to serve Yang Ming within ninety days after the complaint was filed will result in dismissal of this action against Yang Ming.

SO ORDERED.

Dated:   February 5, 2021
         New York, New York

Vernon S. Broderick
United States District Judge